IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | CRIM. No. 09-0178-E-BLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM DECISION |
| v. | ) | AND ORDER |
| | ) | |
| | ) | |
| MARK W. AITKEN, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Trial in this case is set for September 20, 2010. The Government seeks a continuance because a "key witness," Detective Fritz Zweigart, needs several weeks to recover from shoulder surgery, and cannot testify during the week of September 20, 2010. The Government seeks a 30-day continuance. The defendants all object to the continuance.

The Speedy Trial Act grants excludable time for the period of delay resulting from "the absence or unavailability of . . . an essential witness." *See 18 U.S.C. § 3161(h)(3)(A).* An "essential witness" is considered unavailable when "his presence for trial cannot be obtained by due diligence . . . ." *Id. at*

**Memorandum Decision & Order -- page 1**

*§ 3161(h)(3)(B).* The Act does not define "essential witness," however, the Senate Judiciary Committee report accompanying the bill that became the Speedy Trial Act explained that an "essential witness" is a "'witness so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage of justice.'" *United States v. Miles*, 290 F.3d 1341, 1350 (11th Cir.2002) (quoting S.Rep. No. 93-1021, at 37 (1984), reprinted in 1984 U.S.C.C.A.N. 7401)).[1] A witness may be deemed essential for the purposes of the Act, even though the government could obtain a conviction without his testimony. *Id.*; *see also*, *U.S. v. Roy Hamilton*, 46 F.3d 271, 277 (3d Cir.1995); *U.S. v. Tedesco*, 726 F.2d 1216, 1222 (7th Cir.1984); *U.S. v. Marrero*, 705 F.2d 652, 656-57 (2d Cir.1983). It is sufficient if the Government attorney files an affidavit setting forth "detailed information . . . regarding [the witness's] medical condition, his inability to testify, and the essential nature of his testimony." *See U.S. v. Koller*, 956 F.2d 1408, 1412-13 (7th Cir. 1992).

In this case, the Government's counsel has not filed an affidavit. Counsel states in his motion (1) that Zweigart had emergency shoulder surgery on September 8, 2010, (2) that Zweigart's supervisor states that it "will take several

---

[1] The Speedy Trial Act also grants excludable time for an "ends of justice" delay under § 3161(h)(7)(A), but cautions that "[n]o continuance under [that] subparagraph . . . shall be granted because of . . . failure to obtain available witnesses on the part of the attorney for the Government." *See 18 U.S.C. § 3161(h)(7)(C).*

**Memorandum Decision & Order -- page 2**

weeks for him to recover from the surgery . . .", and (3) that Zweigart is a "key witness" whose "presence is essential to the prosecution in this matter."

Certainly emergency shoulder surgery is serious, but counsel must go further and explain why Zweigart is unable to testify nearly two weeks after his surgery. Is he incapacitated by pain or rendered too fuzzy by medication? Some further explanation is necessary.

More importantly, the motion contains no details that would allow the Court to gauge whether Zweigart's testimony is "essential." Counsel's affidavit needs to explain Zweigart's role in the case and the essential nature of his testimony.

For these reasons, the motion to continue is denied, without prejudice to the right of the Government to refile the motion with further detail.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to continue (docket no. 72) is DENIED without prejudice to the right of the Government to refile the motion with further detail.

DATED: **September 13, 2010**



_____
B. LYNN WINMILL
Chief Judge
United States District Court